ANÍBAL FREYTES, ETC. ET AL., Plaintiffs and Appellees, *v.* MUNICIPALITY OF MANATÍ ET AL., Defendants and Appellant the former.

No. 11507. Submitted June 16, 1958.—Decided June 25, 1958.

*Santiago Polanco Abréu* for appellant. *Romany & Romany* for appellees.

PER CURIAM.

After examining the record, analyzing carefully the entire evidence presented to the trial court and studying the contentions of the parties in their briefs, this Court holds that the two errors assigned by the defendants-appellants are frivolous. In the first place, there is no basis whatever for setting aside the findings of fact of the Superior Court in this case and the challenge thereof constitutes in fact the sole ground of the first error assigned. Besides, the second error assigned seems to ignore completely the rule laid down in *Alvarez* v. *Hernández,* 74 P.R.R. 460 (1953),

and *Irizarry* v. *People*, 75 P.R.R. 740 (1954). In effect, the driver of the truck owned by the defendant parked it at the edge of the left-hand sidewalk and knowing that there were children playing ball on the sidewalks, set the vehicle in motion. He had to reasonably anticipate the possibility that a child might rush onto the street to pick the ball. To prevent an accident he should have acted with extreme care under those circumstances. Nevertheless, he started the truck on the left side, without ascertaining whether some child had stepped down to the street. At a very short distance (about thirty-five feet) he ran over a minor who was eighteen months old with the front wheel, causing her death. The head of the child remained on the curb and her legs on the sidewalk. The street on which said accident occurred was straight, wide, and at that moment without traffic because there was no vehicle either in motion or parked. Therefore, it is clearly frivolous to maintain that the trial court erred "in refusing to apply to the situation of facts the clear jurisprudence of the Supreme Court of Puerto Rico," citing only the cases of *Meléndez* v. *Alvarez*, 35 P.R.R. 316; *Figueroa* v. *Vives & Maxan*, 46 P.R.R. 233, and *Abreu* v. *Díaz*, 52 P.R.R. 715, which are obviously inapplicable to the case at bar.

█ In our opinion, appellant in this case has acted with obstinacy in taking an appeal, for which reason the sum of $750 is imposed on it as attorney's fees on appeal, to be paid to plaintiffs-appellees. See 32 L.P.R.A. § 1461; *Géigel* v. *Ramos*, 79 P.R.R. 812, 815 (1957); *Ochoa* v. *Compañía Ron Carioca*, 79 P.R.R. 810, 811 (1957); *Martínez & Márquez, Inc.* v. *Whitehead & Co.*, 79 P.R.R. 145 (1956); *Pabón* v. *Morales*, 79 P.R.R. 146 (1956); *Martín* v. *Torres*, 79 P.R.R. 370, 371 (1956).

The judgment appealed from will be affirmed, and the appellant is ordered to pay the sum of $750 as attorney's fees on appeal, to plaintiffs-appellees.

Mr. Justice Serrano Geyls did not participate herein.